## Commonwealth v. Delaney

*Richard H. Wix,* for Commonwealth.
*James H. Stewart, Jr.,* for defendant.

MORGAN, J., January 31, 1975.—Defendant seeks to quash a criminal complaint filed against him for violating a fire lane ordinance of Lower Paxton Township.

Defendant admits that he parked along the north side of the Sears store in the Colonial Park Plaza in an area designated "No Parking Zone/Fire Lane." The zone was established in accordance with Lower Paxton Township Ordinance No. 13-71, now part of Article 513 of the Codified Ordinances, which provides, in part, as follows:

Section 513.03(b). "On private property which is devoted to public use, there shall be maintained one or more unobstructed lanes to provide for the ingress and egress of fire department vehicles . . . The mark-

ings of said lanes shall be performed and maintained by and at the expense of the property owner or occupier."

Section 3. "All fire lanes around any building open for public use may be so designated by official signs approved by the township. Where any such official signs are erected prohibiting or limiting parking or standing in a fire lane, the provisions of Article 513 of the codified ordinances of Lower Paxton Township shall be applicable . . ."

Section 513.01 provides as follows:

"No person shall park or stand any vehicle in any area where official signs have been erected prohibiting or limiting such parking or standing."

Defendant first argues that the ordinance is invalid because a second class township has no power to regulate parking on private property. This is without merit. There is ample authority in section 503(2) of the Municipalities Planning Code (of July 31, 1968, P. L. 805, 53 PS §§10101 et seq.) under which townships may enact ordinances with the provisions insuring that:

"(i) The layout or arrangement of the subdivision or land development shall conform to the comprehensive plan and to any regulations or maps adopted in furtherance thereof;

"(ii) streets in and bordering a subdivision or land development shall be coordinated, and be of such widths and grades and in such locations as deemed necessary to accommodate prospective traffic, and facilitate *fire protection* . . ." (Emphasis supplied.)

"Street" in the MPC includes lanes, alleys and any other ways used, or intended to be used, by vehicular traffic or pedestrians whether public or private.

Furthermore, the authority to establish fire lanes on private property used for public purposes and pro-

hibiting parking therein is within the broad, general powers conferred in the Second Class Township Code of May 1, 1933, P. L. 103, art. VII, sec. 702, as amended, 53 PS §65762 as follows:

"To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures. No ordinance, by-law, rule or regulation shall be adopted which in any manner restricts, interferes with, hinders or affects the operation of any other political subdivision or instrumentality of the Commonwealth of Pennsylvania."

Defendant's second argument is, however, well taken; namely, that the complaint did not comply with Rule 132 of the Pennsylvania Rules of Criminal Procedure which provides:

"Every complaint . . . shall contain:

". . .

"6(b) In a summary case, a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of facts sufficient to advise the defendant of the nature of the offense charged."

The complaint in the instance case summarized the facts but cited not section 513.01 of the Codified Ordinances, which makes it an offense to park in a posted fire lane, but rather Ordinance No. 13-71, which requires property owners to establish such area. The complaint was, therefore, deficient.

## ORDER

And now, January 31, 1975, defendant's application to quash the complaint is hereby sustained.